IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TAMMY L. SMITH,** | ) | **CASE NO. 5:08 CV 566** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge William H. Baughman, Jr.** |
| | ) | |
| **COMMISSIONER OF** | ) | **MEMORANDUM OPINION** |
| **SOCIAL SECURITY,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman (Docket #16). The Magistrate Judge recommends that the Joint Stipulation to Remand filed by the Parties (Docket #15) be granted and judgment entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) for remand to the Commissioner according to the terms set out in the stipulation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Conclusion**

The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Baughman. (Docket #16.) The Joint Stipulation to Remand (Docket #15) is hereby GRANTED. The Commissioner's decision is hereby VACATED and the case is hereby REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g), to the Commissioner of Social Security according to the terms set forth in the Joint Stipulation.

As set forth in the Joint Stipulation to Remand, the Parties agree that the case should be remanded so that the ALJ can evaluate Plaintiff's limitations, including her severe and

non-severe impairments; determine Plaintiff's residual functional capacity and explain how his findings as to Plaintiff's residual functioning capacity are consistent with the evidence of record; and, determine whether Plaintiff can perform her past relevant work or whether there are other jobs that Plaintiff can perform. If necessary, the ALJ may obtain additional medical and vocational expert testimony, as well as any other evidence needed to assess Plaintiff's functional limitations. Plaintiff will also be given an opportunity to submit additional evidence and appear at a new hearing.

    IT IS SO ORDERED.

                                      s/Donald C. Nugent
                                      DONALD C. NUGENT
                                      United States District Judge

    DATED: November 4, 2008